# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 16-0274-WS |
| ) | |
| CARLOS WALKER, ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the Court on the defendant's motion for relief under the First Step Act. (Doc. 162). The defendant was sentenced in November 2018 to 24 months imprisonment. (Doc. 160). According to the defendant, his current projected release date is in August 2020. According to the defendant, he is eligible to spend his final year of custody in home confinement, but the Bureau of Prisons ("BOP") has indicated he does not qualify. The defendant seeks a Court order directing BOP to transfer him to home detention in August 2019. (Doc. 162 at 1-2).

By statute, the maximum amount of time the defendant can be placed in home confinement is 2.4 months, not 12 months. 18 U.S.C § 3624(c)(2).[1] There is thus no lawful possibility of his being placed in home confinement in August 2019.

The defendant says his motion is based on the First Step Act, but the only change that Act made to Section 3624(c) (which addresses prerelease custody) was to instruct BOP, "to the extent practicable, [to] place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2). The Act patently makes no change in the law that could render the defendant eligible for home confinement for a full year preceding his release.

Elsewhere in his motion, the defendant indicates he would settle for placement in a "halfway house," (Doc. 162 at 2), or what the statute refers to as a "community correctional facility" ("CCF"). 18 U.S.C. § 3624(c)(1). The maximum amount of time a prisoner may be placed in a

---

[1] The maximum length of home confinement is "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id*. Ten percent of 24 months is 2.4 months, which is shorter than 6 months.

CCF is 12 months. 18 U.S.C. § 3624(c)(1). Within that one-year hard limit, however, the decision as to whether, and when, to place a prisoner in a CCF is invested in BOP, not the Court. *Id*. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …."). Specifically, "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *Id*. Moreover, "a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id*. Finally, "[n]othing in this subsection [Section 3624(c)] shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." *Id*. § 3624(c)(4). That is, what the Court cannot do under Section 3621 it cannot do under Section 3624(c), either. Put simply, the Court has no general authority to tell BOP where a defendant is to spend the final months of his term of imprisonment.[2] The defendant has identified no rule or circumstance that could permit the Court to do so.

For the reasons set forth above, the defendant's motion for relief under the First Step Act is **denied**.

DONE and ORDERED this 20th day of June, 2019.

s/WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] *E.g., Richardson v. Martinez*, 2019 WL 1581417 at *3 (C.D. Cal. 2019); *United States v. Johnson*, 2019 WL 2501868 at *1 (D. Kan. 2019); *United States v. Burkhart*, 2019 WL 615354 at *2 (E.D. Ky. 2019); *Carriera v. Johns*, 2018 WL 4088075 at *5 n.5 (S.D. Ga. 2018); *Klatch v. Rathman*, 2014 WL 537021 at *10-11 (N.D. Ala. 2014); *Delaney v. Grayer*, 2010 WL 4963001 at *3 (N.D. Ga. 2010).